per att



FILED
JAN 8 - 2001
PER
HARRISBURG, PA.     DEPUTY CLERK

1/9/01

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS SICKLER,
    Petitioner

v.

RAYMOND J. COLLERAN, ET AL.,
    Respondents

CIVIL NO. 1:CV-00-1475

(Judge Kane)

## ORDER

**Background**

On August 17, 2000, Douglas Sickler, an inmate at the State Correctional Institution, Waymart, Pennsylvania (SCI-Waymart), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is the petitioner's motion for appointment of counsel.

Although prisoners have no "automatic" constitutional or statutory rights to appointment of counsel in a federal habeas corpus proceeding, a court does have broad discretionary power to appoint counsel under 18 U.S.C. § 3006A(a)(2).[1] Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); Morrison v. Duckworth, 898 F.2d 1298,

---

1. Any person seeking relief under 28 U.S.C. §§ 2241 or 2254 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2) (1996).

1300-01 (7th Cir.1990); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir.1985), cert. denied, 479 U.S. 913 (1986).

The court must consider several factors in deciding whether the "interests of justice require" the appointment of counsel for a petitioner in a habeas corpus proceeding, including the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990). Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, see Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991), or the issues were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

In this case there appear to be no circumstances which warrant the appointment of counsel at this time. The court's liberal construction of pro se pleadings, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972), coupled with petitioner's apparent ability to litigate this action pro se, militate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, it appears that there will be no need for a hearing, and the court can not say, at least at this point, that petitioner will suffer prejudice if he is forced to prosecute this case on his own.

Therefore, petitioner's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the petitioner.

ACCORDINGLY, THIS 8th DAY OF JANUARY, 2001, IT IS HEREBY ORDERED THAT: Petitioner's motion for appointment of counsel (Doc. 3 ) is DENIED.

YVETTE KANE
United States District Judge

YK:mcs

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

January 8, 2001

Re: 1:00-cv-01475    Sickler v. Colleran

True and correct copies of the attached were mailed by the clerk to the following:

Douglas Sickler
SCI-Waymart
CP-0018
PO Box 256
Waymart, PA  18472-0256

cc:
Judge                           (—)
Magistrate Judge                ( )
U.S. Marshal                    ( )
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  ( ) with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( ) with Petition attached & mailed certified mail
                                    to: US Atty Gen  ( )   PA Atty Gen ( )
                                        DA of County ( )   Respondents ( )
Bankruptcy Court                ( )
Other _____MISCS_____           (—)

MARY E. D'ANDREA, Clerk

DATE: 1/8/01                               BY: _____
                                               Deputy Clerk