UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
HARRISBURG, PA

JUN - 4 2001

MARY E. D'ANDREA, CLE[
Per _____
Deputy Clerk

DOUGLAS SICKLER,                                 :
      Petitioner                           :
                                      :

      v.                                   :       CIVIL NO. 1:CV-00-1475
                                        :

RAYMOND J. COLLERAN, ET AL.,          :       (Judge Kane)
      Respondents                          :

## MEMORANDUM AND ORDER

### Background

Douglas Sickler, an inmate presently confined at the State Correctional
Institution, Waymart, Pennsylvania (SCI-Waymart), filed this petition for writ of habeas
corpus pursuant to 28 U.S.C. § 2254. Sickler names Raymond J. Colleran, Superintendent
at SCI-Waymart, and the Attorney General of the Commonwealth of Pennsylvania as
respondents. Along with the petition, Sickler has filed an application to proceed in forma
pauperis.

The petitioner challenges a 1994 conviction imposed by the Court of Common
Pleas for Luzerne County. Specifically, Sickler states that on September 14, 1994,
following a jury trial, he was convicted of "(No. 3273-A of 1993) two counts of I.D.S.I., two
counts of indecent assault, one count of endangering the welfare of children, (No. 3333 of
1993) 1 count I.D.S.I., one count of endangering the welfare of children," and sentenced to
"90 months to twenty years." (Doc. 1, Pet., ¶¶ 1-6.) Sickler indicates that he filed an

Certified from the record
Date 6-4-01
Mary E. D'Andrea, Clerk
Per _____

unspecified proceeding with the trial court, asserting unknown grounds, which was denied on January 23, 1995. Further, he states that he appealed his conviction to the Superior Court of Pennsylvania, asserting unknown grounds. The Superior Court affirmed his conviction on October 16, 1995. He next states that he did not appeal to the Pennsylvania Supreme Court because he was "foreclosed from filing due to attorney error." Id. at ¶ 9.

Thereafter, Sickler indicates that he filed for relief under the Post Conviction Relief Act ("P.C.R.A."), 42 Pa. C. S. A. §, §§ 9541-9546, with the sentencing court asserting the ineffective assistance of counsel as grounds for relief. That petition was denied after an evidentiary hearing on December 30, 1997. Petitioner filed a timely appeal of the denial of this petition. On October 19, 1998, the Pennsylvania Superior Court affirmed the decision of the trial court. Sickler then filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on April 28, 1999. Id.

He now files the instant petition for habeas corpus relief in which he raises the sole issue that he was denied effective assistance of trial counsel because trial counsel failed to adequately investigate and prepare for trial by interviewing potential witnesses.

**Discussion**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the "Act"), Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996). Section 101 of Title I of the Act amended 28 U.S.C. § 2244 by adding a new subsection (d) which imposes a one-year period of limitation on state prisoners filing habeas petitions in federal court. That subsection provides in relevant part as follows:

(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review;. . . .

(2) The time during which a properly filed application for State post conviction or other collateral review with respect to te pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Court of Appeals for this circuit has held that a petition filed within one year of the effective date of the Act is timely.  Burns v. Morton, 134 F.3d 109 (3d Cir. 1998).

Section 2244(d)(2) excludes only the time within which a "properly filed application" is pending in state court.  Thus, when such a petition or appeal therefrom is not pending, the time is counted.  A "properly filed application" under § 2244 (d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing.  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).  "Pending" also refers to the time permitted for the filing of an appeal.  Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000).

In this case the one year statute of limitations began to run on April 28, 1999, the date on which the Pennsylvania Supreme Court denied Sickler's petition for allocator.  Consequently, Sickler was required to file his petition for writ of habeas corpus on or before April 28, 2000.  Sickler did not file his petition until August 17, 2000.  Therefore petitioner's motion under § 2254 is barred by the statute of limitations, and will be dismissed.[1]

---

[1]    It is also obvious from the petition that to the extent Sickler seeks relief based on his direct appeal, he is also barred by the one-year statute of limitations.  The

3

ACCORDINGLY, THIS 4ᵗʰ DAY OF MAY, 2001, IT IS HEREBY ORDERED

THAT:

1. The motion to proceed in forma pauperis (Doc. No. 2) is GRANTED for the

sole purpose of filing the petition.

2. The petition for writ of habeas corpus is dismissed without prejudice pursuant

to 28 U.S.C. § 2244(d)(1)(A).

3. The Clerk of Court is directed to close the case.

4. Based on the Court's conclusion herein, there is no basis for the issuance of

a certificate of appealability.

_____
YVETTE KANE
United States District Judge

YK:dlb

_____

instant petition clearly indicates that the Pennsylvania Superior Court ruled on his direct
appeal on October 16, 1995 and that he did not appeal to the Pennsylvania Supreme
Court. Assuming, for purposes of disposing of the present petition, that Sickler had waited
thirty (30) days to appeal the Pennsylvania Superior Court's decision to the Pennsylvania
Supreme Court, and that Court had taken a full year to render its decision, he is still well
outside the one-year limitations period imposed by section 2244(d)(1)(A). Any petition filed
with this court was due no later than November of 1997. The petition before the court was
not filed until August 17, 2000, well outside the allotted time period.

06/04/01  09:38 FAX 5702075650          USDC MDPA Clerks Office                    ☑ 033

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 4, 2001

Re:  1:00-cv-01475   Sickler v. Colleran

True and correct copies of the attached were mailed by the clerk
to the following:

        Douglas Sickler
        SCI-Waymart
        CP-0018
        PO Box 256
        Waymart, PA  18472-0256

CC:
Judge                       ( ✓ )                    ( ) Pro Se Law Clerk
Magistrate Judge            ( )                      ( ) INS
U.S. Marshal                ( )                      ( ) Jury Clerk
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Ct Reporter                 ( )
Ctroom Deputy               ( )
Orig-Security               ( ✓ )
Federal Public Defender     ( )
Summons Issued              ( )  with N/C attached to complt. and served by:
                                 U.S. Marshal ( )     Pltf's Attorney ( )

Standard Order 93-5         ( )
Order to Show Cause         ( )  with Petition attached & mailed certified mail
                                 to: US Atty Gen   ( )   PA Atty Gen ( )
                                     DA of County  ( )   Respondents ( )

Bankruptcy Court            ( )
Other_____      ( )

                                             MARY E. D'ANDREA, Clerk

DATE: ____6-4-01____                    BY: _____
                                             Deputy Clerk